Defendant moves to dismiss bill for lack of equity. The bill discloses this situation: Complainant was the owner of an amusement device known as the "Old Mill Ride," located in Woodlawn Park near Trenton. The park was open from Decoration Day to Labor Day, yearly. The rest of each year, the park and complainant's Old Mill Ride were shut down in charge of a watchman. During this period complainant frequently visited the Old Mill Ride to make sure it was not damaged and to keep it in good order. All of which was well known to the defendant.
On August 17th, 1933, defendant insurance company insured the Old Mill Ride against damage by fire. The policy was in the usual form, containing a provision that it would be void "if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days." An endorsement reads: "It is understood and agreed that unoccupancy and vacancy privilege under this policy is limited to sixty consecutive days." Complainant, on receiving the policy, noticed the endorsement and immediately asked defendant's agent whether the policy would cover the Old Mill Ride during the months from September to Decoration Day.
"Said defendant, by said Thomas A. Auld Son, Incorporated, its agent, assured complainant that in view of the fact that a watchman was generally maintained by said Woodlawn Park, and in view of the fact that complainant came down at least once every sixty days during the winter months to inspect said `Old Mill Ride' and to make any necessary repairs and to preserve it from damage, and further, in view of the fact that this was a device to be used only in the summer, all of which said Thomas A. Auld 
Son, Incorporated, well knew, that said policy would protect complainant during the period from Labor Day to Decoration Day, and said defendant, by said Thomas A. Auld Son, Incorporated, its agent, then and there agreed that said policy would so protect complainant and would remain valid during the months from Labor Day to Decoration Day. *Page 363 
"Complainant, believing that the terms and conditions of said policy were the terms and conditions agreed upon, and relying upon the superior experience and knowledge of said Thomas A. Auld Son, Incorporated, defendant's agent, accepted said policy of insurance and paid the premium therefor."
The bill also alleges that Thomas A. Auld Son, Incorporated, as agent of the defendant, was duly authorized upon its behalf to do everything which the bill alleges it to have done.
The Old Mill Ride was destroyed by fire April 24th, 1934, that is, during the period when the park was closed. On March 26th, 1935, complainant brought an action at law against defendant on the policy, which action is still pending. Defendant pleaded breach of the policy clause and endorsement above quoted.
Complainant prays that defendant be enjoined from maintaining this defense and that the policy be reformed by substituting therein "such words as would make said policy conform to the contract made between complainant and defendant."
Much of the brief supporting the motion to dismiss is devoted to rules of evidence and burden of proof. While complainant may have great difficulty at the final hearing in proving his case, questions of evidence need not now disturb me, since on this motion all facts well pleaded in the bill are taken as true.
Defendant urges that a mutual mistake of law is not ground for reforming a contract. The construction of a written contract is a matter of law for the court, but when the construction depends on extrinsic and disputed facts, it becomes a mixed question of law and fact. John Sommer Faucet Co. v. Commercial CasualtyInsurance Co., 89 N.J. Law 693. The present controversy centers in the term "vacant or unoccupied," words with meaning not fixed but varying with the character and purpose of the building. The law court might instruct the jury that, if they found the facts as above recited, they should return a verdict for plaintiff; *Page 364 
or the court, deeming that "vacant or unoccupied" could not be so restricted, might direct a verdict for defendant. In such case, plaintiff may apply to equity for relief. The bill shows that the parties intended that the policy should not become void even though the amusement park were closed and complainant's device unused from Labor Day to Decoration Day, provided, meanwhile, a watchman was kept at the park and at least once in every sixty days complainant went to the park to inspect his device and to make necessary repairs to it. But through a mistake as to the force of the term "vacant or unoccupied," they did not employ language apt to express their intention. "If a written instrument fails to express the intention which the parties had in making the contract which it purports to contain, equity will grant its relief, affirmative or defensive, although the failure may have resulted from a mistake as to the legal meaning and operation of the terms or language which is employed in the writing." Pom.Eq. Jur. § 825; Snell v. Atlantic Fire and Marine InsuranceCo., 98 U.S. 85; Griswold v. Hazard, 141 U.S. 260;11 S.Ct. 972; Clarksburg Trust Co. v. Commercial Casualty Insurance Co.,40 Fed. Rep. 2d 626; Dinwiddie v. Self, 145 Ill. 290;33 N.E. Rep. 892; Elk Horn Coal Corp. v. Hackworth, 61 Fed. Rep.
2d 304; Tygar v. Cook, 77 N.J. Eq. 300.
The case may also be viewed from the standpoint ofquasi-estoppel. In order to entitle one party to equitable relief, "it is enough that the misconception of the law was the result of, or even aided or accompanied by, incorrect or misleading statements or acts of the other party. When the mistake of law is pure and simple, the balance held by justice hangs even, but when the error is accompanied by any inequitable conduct of the other party, it inclines in favor of the one who is mistaken." Pom. Eq. Jur. § 847; Insurance Co. v.Eggleston, 96 U.S. 572; Globe and Rutgers Fire Insurance Co. v.Baylen Street Wharf Co., 38 Fed. Rep. 2d 197; Maher v.Hibernia Insurance Co., 67 N.Y. 283.
Lastly, defendant urges that laches appear on the face of the bill. I do not know when complainant discovered that *Page 365 
defendant put on the policy a different construction from his own. Probably when defendant refused to pay the loss, sometime before March 25th, 1935, the day he instituted his action at law. Though he delayed over two years before filing his bill, it does not appear that defendant has been prejudiced. So this ground for dismissing the bill falls. Kelsey v. Agricultural InsuranceCo., 78 N.J. Eq. 378.
 Motion denied. *Page 366